IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

The Ohio Bell Telephone Company,  :
Inc.,
      Plaintiff,                      :

  v.                                    :    Case No. 2:06-cv-0549

Global NAPs Ohio, Inc., et al.,       :    JUDGE MARBLEY

      Defendants.                     :

ORDER

    Defendants have moved to dismiss this case for lack of subject matter jurisdiction.  In connection with that motion, they moved for a stay of discovery until the Court determines if subject matter jurisdiction exists.  For the following reasons, the motion for a stay of discovery will be denied.

    A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court.  <u>Chrysler Corp. v. Fedders Corp.</u>. 643 F.2d 1229 (6th Cir. 1981).  In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.  Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery.  <u>Marrese v. American Academy of Orthopedic Surgeons</u>, 706 F.2d 1488, 1493 (7th Cir. 1983).  When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery.  <u>Id</u>.

    However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a case-dispositive motion.  As one court has

observed,

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.  Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, cf. Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N. D. Cal. 1990).  See also Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery....").  Thus, unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.

Here, the case-dispositive motion which forms the basis for the motion to stay discovery is not a Rule 12(b)(6) motion but a motion to dismiss for lack of subject matter jurisdiction.

Defendants contend that the Court has no subject matter jurisdiction over any disputes arising under or related to an agreement between the parties because the agreement was approved by a state regulatory agency, and therefore any disputes about it must be adjudicated by that agency in the first instance.

If the jurisdictional issue were clear-cut, and the likelihood of a jurisdictional dismissal were high, the Court might be persuaded to grant a stay of discovery.  Certainly, it would be problematic to require a party to participate in discovery in a federal court proceeding, and to subject that party to potential sanctions for failing to do so, where it is certain (or almost certain) that the federal court lacks the authority to hear the case in the first instance.  On the other hand, if the jurisdictional question is fairly debatable, a party should not be permitted to use a motion raising that question as an absolute bar to discovery.

Here, having reviewed the arguments presented in favor of and in opposition to the Court's exercise of jurisdiction, the most that can be said is that the issue is fairly debatable. There is no controlling law in the Sixth Circuit on the precise issue presented.  Courts from other circuits, both at the district court and appellate court level, have taken varying approaches to the question.  Indeed, some have characterized the issue raised by the defendants here as non-jurisdictional, and some have concluded that the statutory requirement for presentment of certain issues to a state regulatory agency can be waived.  Plaintiff also argues that it has asserted claims that fall outside the scope of the statutory provision at issue so that even if presentment of contract issues is required, the Court may exercise jurisdiction over other claims.  Thus, there is little certainty at the moment concerning the issue of subject matter jurisdiction, and this uncertainty counsels against

granting a stay of discovery.

Additionally, as plaintiff points out, the motion to dismiss for lack of subject matter jurisdiction was not filed until after the case had been pending for thirteen months, after some of the defendants had vigorously litigated the question of *in personam* jurisdiction, and after a fair amount of discovery had been conducted. Although a party may raise a subject matter jurisdiction question at any time, the delay in raising the issue in this case makes the Court less inclined to stay discovery.

For all of these reasons, the Court concludes that the defendants in this case, like most defendants, should not receive a free pass on their discovery obligations simply because they have raised an issue that may ultimately lead to dismissal of the case. Consequently, their motion for a stay of discovery (#70) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge

4