IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE OHIO BELL TELEPHONE COMPANY, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Case No. 06-CV-0549 |
| GLOBAL NAPs OHIO, INC., ET AL., | : : | JUDGE ALGENON L. MARBLEY Magistrate Judge Kemp |
| Defendants. | : | |

## ORDER SETTING TRIAL DATE
## AND REFERRING CASE TO MEDIATION

Plaintiff and Defendants both orally moved this Court to continue the trial date set for December 7, 2009 because counsel for the parties are involved in a related case in the Northern District of Illinois that is scheduled to begin on that same day. Accordingly, the parties' motion to continue is **GRANTED**.

The trial is re-scheduled to begin at **9:00 a.m.** the **second Monday after the jury has returned the verdict in the Northern District of Illinois Case:** *Illinois Bell v. Global NAPs Illinois*, **No. 06-C-3431**. Counsel for both parties are instructed to notify the Court after the jury has returned the verdict in *Illinois Bell*. In preparation for trial, the Court has set the following schedule to which the parties are to adhere. The Court has included a statement of pretrial and trial procedures which the parties are to follow.

**Summary:**

| | |
|---|---|
| November 16, 2009 | Deadline for conducting a mediation of the case. |
| November 30, 2009 | Motions in limine, pretrial motions, and joint jury instructions and supplemental jury instructions, designation of deposition portions, witness statements, stipulations, and exhibit lists. |
| December 7, 2009 | Memoranda contra pretrial motions or motions in limine, objections to supplemental jury instructions, objections to deposition designations, and final pretrial order. |
| First Monday after jury returns verdict in *Illinois Bell v. Global NAPs Illinois*, No. 06-C-3431 | Final pretrial conference, submission of proposed areas of questions for voir dire and trial briefs. |
| Second Monday after jury returns verdict in *Illinois Bell v. Global NAPs Illinois*, No. 06-C-3431 | Trial - voir dire, opening statements and presentation of evidence. |

## I. PRETRIAL PROCEDURE

**Trial Date**

This matter is set for a final pretrial conference on the **first Monday after the jury has returned the verdict in the Northern District of Illinois Case:** *Illinois Bell v. Global NAPs Illinois*, **No. 06-C-3431 at 11:00 a.m.** Trial shall begin on the **second Monday after the jury has returned the verdict in the Northern District of Illinois Case:** *Illinois Bell v. Global NAPs Illinois*, **No. 06-C-3431 at 9:00 a.m.** The Court will follow a four day week trial schedule, conducting the trial of this case from Monday through Thursday of each week until completion of the trial, and reserving Fridays for other matters.

The Court will not continue the trial date except upon written motion supported by an affidavit demonstrating exceptional circumstances, made immediately upon the party's or counsel's receipt of notice of the existence of the exceptional circumstances.

The Court uses a trailing docket, setting three to five civil cases to begin on the same day. Cases are tried in the order they were filed. If a case set for the same day goes to trial, then the parties and counsel in the next case shall remain prepared to go to trial on a standby basis for a period of two weeks unless the Court orders otherwise.

Under the Speedy Trial Act, 18 U.S.C. § 3161-3174, and Fed. R. Crim. P. 50(a), the Court will give preference to any criminal matters it has set to take place the same time as the trial in this case. Fed. R. Civ. P. 40.

Counsel may call the Courtroom Deputy, Betty Clark, to obtain information about whether other cases will go to trial before this case.

**Settlement Conference**

This case is referred to the Court Mediator, Robert Kaiser, under Fed. R. Civ. P. 16(a)(5) and Local Rule 16.3(a)(1), for mediation prior to **November 16, 2009.**

Counsel and the parties shall immediately contact Mr. Kaiser at (513) 564-7330 to obtain a date and shall adhere to the following with respect to the settlement conference:

(1) The trial attorney for each party must attend the conference.

(2) The parties or principals with settlement authority shall be present. 28 U.S.C. § 473 (b)(5); Fed. R. Civ. P. 16(c). Upon written motion and for good cause shown, the parties or principals with settlement authority may satisfy the presence requirement by being available by telephone. Such motion must be made at least one (1) week in advance of the settlement

conference. Failure to appear or failure to obtain the Court's permission to appear by telephone shall result in sanctions against the offending party.

(3) Lack of discovery or settlement authority will not excuse active participation in the conference.

(4) Counsel and the parties shall follow Mr. Kaiser's instructions regarding mediation statements, which will be provided along with the scheduling notice.

(5) Before the conference counsel shall discuss with their clients whether this case would be appropriate for a summary jury trial or some other form of alternative dispute resolution. Fed. R. Civ. P. 16(b)(9); S.D. Ohio L.R. 53.1; see Judge Thomas D. Lambros, The Summary Jury Trial and Other Alternative Methods of Dispute Resolution, 103 F.R.D. 461 (1984). This Court has seen excellent results in summary jury trials in a wide variety of cases. The Court encourages the parties to consider seriously this option, which has consistently resulted in significant savings over the cost of a full trial.

Any questions regarding the mediation conference should be addressed to Mr. Kaiser or to the Court's Law Clerk, Natalie McLaughlin at (614) 719-3263.

**Expert Witnesses**

The parties shall comply fully with all of the requirements of Fed. R. Civ. P. 26(a)(2), including the required disclosures at least **ninety (90) days before the trial unless an earlier date has been set by a scheduling order issued by the Magistrate Judge.**

**Statement of Witnesses**

Pursuant to Fed. R. Civ. P. 26(a)(3)(A), on **November 30, 2009,** the parties shall submit to the Court, and serve on opposing counsel, the names, addresses and occupations of all witnesses they intend to call at trial, with a <u>brief</u> summary of the witness' testimony (two to three sentences), the purpose of that testimony, and the major issue about which the witness will testify. Failure to list a witness, except upon a showing of good cause, will preclude the use of that witness at trial.

The witness lists shall comport with all of the requirements of Rule 26(a)(3)(A).

**Designation of Deposition Portions**

Pursuant to Fed. R. Civ. P. 23(a)(3)(B), on **November 30, 2009** the parties shall submit to the Court, and serve on opposing counsel, the designations of any portions of depositions they intend to offer as evidence at trial.[1] Failure to make a designation, except upon a showing of good cause, will preclude the use of the undesignated portion of a deposition at trial.

The designation of deposition portions shall comport with all of the requirements of Fed. R. Civ. P. 26(a)(3)(B).

**Exhibits**

Counsel will assemble and mark all exhibits and deliver them to the courtroom deputy prior to the commencement of trial. Plaintiff's exhibits will bear the letter prefix P followed by Arabic numerals and Defendant's exhibits will bear the prefix D followed by Arabic numerals.

---

[1]Do not designate portions to be used for impeachment on cross-examination.

Pursuant to Fed. R. Civ. P. 26(a)(3)(C), on **November 30, 2009**, each party shall exchange and file a list containing a brief description of each item of documentary or physical proof the party intends to offer in evidence as an exhibit at trial.

Counsel should keep a list of all exhibits and should supply the Court, courtroom deputy and opposing counsel with a copy of the same.

Counsel will not approach the witness to tender an exhibit. Each exhibit will be placed before the witness by the courtroom deputy.

In formulating a question to a witness dealing with an exhibit, counsel shall specify the exhibit designation so that the record will be clear.

Each counsel is responsible for any exhibits secured from the courtroom deputy. At the end of each trial session, all exhibits shall be returned to the courtroom deputy.

Counsel shall provide an exhibit list to the Court and opposing counsel prior to the commencement of trial as set forth in the Court's scheduling order.

The parties shall use three-ring tabbed notebooks for their exhibits which will be submitted two (2) days before the trial. At trial, the parties shall provide the witness through the Courtroom Deputy the relevant volume(s) when the witness takes the stand. The parties shall provide one (1) copy of their tabbed exhibit notebook(s) to opposing counsel, and three (3) copies to the Court - one each for the Judge, the law clerk, and the courtroom deputy (for use at the witness stand).

Exhibits which are produced for the first time during trial, as in the case of exhibits used for impeachment, shall be tendered to the courtroom deputy for marking and then displayed to opposing counsel.

**Stipulations**

Counsel for the parties shall confer and reduce to writing all stipulations. Fed. R. Civ. P. 16(c)(3). The parties shall file any stipulations on **November 30, 2009**.

**Pretrial Motions**

Any pretrial motions or motions in limine, shall be filed on **November 30, 2009**. A party's motions in limine and memoranda in support shall not exceed a total of fifteen (15) pages in length. The memoranda contra any motions in limine shall be filed on **December 7, 2009**. The memorandum contra shall not exceed a total of fifteen (15) pages in length. The Court will not accept any reply memoranda.

**Jury Instructions**

The Court will prepare preliminary and general jury instructions. The parties shall concentrate their efforts on any unusual or case-specific instruction areas.

The parties shall submit jointly one set of agreed upon proposed case-specific jury instructions on **November 30, 2009**. If, after a concerted good faith effort, the parties are unable to agree upon one complete set of proposed case-specific instructions, then each party shall also submit on **November 30, 2009**, a supplemental set of case-specific instructions upon which they are unable to agree. Supplemental case-specific instructions shall include citations to binding authority. Number and label each instruction. The parties shall file any objections to the opposing party's supplemental set of instructions on **December 7, 2009**.

All instructions shall be concise, understandable and neutral. For general jury instructions, the Court strongly prefers that the parties use the latest edition of Hon. Edward J. Devitt, Honorable Charles B. Blackmar, Michael A. Wolff, and Kevin F. O'Malley, <u>Federal Jury Practice and Instructions</u> (West). For instructions concerning Ohio law, the Court strongly prefers that the parties use the latest edition of <u>Ohio Jury Instructions</u> (Anderson). The Court, however, welcomes any effort by counsel to make the instructions from these sources more direct, understandable, and concise.

**Final Pretrial Order**

The parties shall submit a joint proposed final pretrial order, using the attached form, on or before **December 7, 2009**.

**Trial Briefs**

The parties are to file trial briefs on or before the **first Monday after the jury has returned the verdict in the Northern District of Illinois Case:** *Illinois Bell v. Global NAPs Illinois*, **No. 06-C-3431.** All briefs shall comply with S.D. Ohio L. R. 5.1, with citations and references conforming to S.D. Ohio L. R. 7.2(b). Counsel should use their trial briefs to instruct the Court in advance of trial in any area of law upon which counsel will rely at trial. Therefore, the briefs should contain arguments, with citations to legal authority, in support of any evidentiary or other legal questions which may reasonably be anticipated to arise at trial.

**Compact Disks**

The Court encourages the parties to submit on compact discs: (1) all proposed jury instructions; (2) all potentially case-dispositive motions, as well as the memoranda in support of and in opposition to such motions; and (3) any memoranda that exceeds five pages in length. The parties may submit such compact discs directly to chambers in care of the Court's law clerks.[2]

## II. TRIAL PROCEDURE

**Counsel Tables**

Plaintiff will occupy counsel table next to the jury box. Defendant will occupy counsel table across from Plaintiff.

**Appearances**

Upon arrival, counsel will enter their appearance with the Court Reporter and the Courtroom Deputy Clerk before the start of the opening session of the trial or any other proceeding before the Court.

**Court Sessions**

Trials will be held Monday through Thursday of each week.

Friday sessions are not held because the Court regularly schedules final pretrial conferences, criminal matters, and other motion hearings on that day.

---

[2]The Court uses WordPerfect for Windows 6.1 with an IBM compatible system.

Morning session begins at 9:00 a.m. and will recess at approximately 10:30 a.m. for 15 minutes.

Noon recess will be at approximately 12:00.

Afternoon session begins at 1:00 p.m. and will recess at approximately 3:15 for 15 minutes.

Court will adjourn at approximately 4:30 p.m.

The parties and all counsel will be present at counsel tables at all sessions **before** the jury is brought into the courtroom and will remain at counsel tables until **after** the jury leaves the courtroom at the end of all sessions. The parties and counsel will stand upon the entrance and exit of the jury.

### Addresses By Counsel

Counsel will address the Court and the jury in the following manner:

(a) Voir dire examination, opening statements and closing arguments will be conducted from the lectern facing the jury.

(b) All addresses to the Court will be made from the lectern facing the Court.

(c) Counsel shall stand when addressing the Court for any reason.

### Examination of Witnesses

Counsel shall conduct their examination from the lectern.

In advance of trial, counsel will instruct his or her witnesses to answer questions with courtesy. Evasive answers, answering a question with a question or disrespect to opposing counsel will not be permitted.

Counsel are expected to extend equal courtesy to all witnesses. Counsel will wait until the witness has finished an answer before asking the next question. Multiple questions and repetitious questions will not be permitted. Counsel may not by any action, inflection or expression indicate disbelief of any witness's answer. Counsel shall admonish their clients and witnesses to desist from such conduct.

Witness shall be treated with fairness and consideration. They shall not be shouted at, ridiculed or otherwise abused. The untruthful or hostile witness can be examined firmly and extensively without abuse.

When a party has more than one attorney, only one may conduct the direct or cross examination of a given witness.

Counsel shall not approach a witness without asking the permission of the Court. When permission is granted for the purpose of working with an exhibit, counsel should resume the examination from the lectern when finished with the exhibit.

Counsel are responsible for witnesses speaking so that their testimony will be easily heard by all members of the jury.

Upon completing his or her examination of the witness, counsel shall advise the Court, after which the Court will advise opposing counsel to proceed.

During examination of a witness, counsel will first obtain permission of the Court if he/she wishes to confer with co-counsel.

**Objections**

Counsel will stand when making an objection and will make the objection directly and only to the Court.

When objecting, state only that you are objecting and if requested by the Court, state the grounds. Objections shall not be used for the purpose of making speeches, repeating testimony, or to attempt to guide a witness or influence the jury.

Argument upon an objection will not be heard unless permission is given or argument is requested by the Court. Either counsel may request a bench conference.

**Decorum**

Colloquy, or argument between counsel will not be permitted. All remarks shall be addressed to the Court.

Counsel shall maintain a professional and dignified atmosphere throughout the trial.

Appearance, mannerisms, or habits that are designed to arouse the sympathy or prejudice of the jury are an impediment to an impartial trial and will not be permitted.

During a trial, counsel shall not exhibit familiarity with witnesses, jurors, or opposing counsel and shall avoid the use of first names. No juror shall be addressed individually or by name.

During opening statements and final arguments, all persons at counsel table shall remain seated and be respectful so as not to divert the attention of the Court or the jury.

Do not ask the Court Reporter to mark testimony. All requests for re-reading of questions or answers shall be addressed to the Court.

**Depositions**

Counsel will confer in advance of trial and attempt to resolve objections by agreement. If any objections remain for ruling, counsel shall jointly prepare a list of objections identifying the page number and line(s) of the deposition where the objection will be found and stating in one sentence the grounds for the objection. This procedure applies to both written and video tape depositions. Thus video tape depositions which contain objections must be accompanied by a full or partial transcript. The jointly prepared list of objections and grounds for the same shall be delivered to the Court on **December 7, 2009**.

Video tape presentation must include all equipment and a method for editing the sound to delete testimony as to which the Court has sustained an objection.

**Demonstrative Evidence**

If any sketches, models, diagrams, or other demonstrative evidence of any kind will be used during the trial, they must be exhibited to opposing counsel one week prior to trial. Objections to the same must be submitted to the Court prior to the commencement of trial. Demonstrative evidence prepared solely for the purpose of final argument shall be displayed to opposing counsel at the earliest possible time but in no event later than one-half hour before the commencement of the arguments.

Counsel must supply his/her own easel, flip charts, etc. for trial.

**<u>Jury</u>**

The Court will seat a jury of eight (8) members. In accordance with Fed. R. Civ. P. 48, all jurors shall participate in the verdict unless excused pursuant to Rule 47(c). Unless the parties otherwise stipulate, the verdict shall be unanimous and no verdict shall be taken from a jury reduced in size to fewer than six (6) members.

### **Voir Dire Examination**

The whole panel of prospective jurors (i.e. those in the jury box and those seated in the rear of the courtroom) will be examined and accepted or challenged for cause and peremptorily challenged in one continuous examination.

Each prospective juror is assigned a number by the Clerk's Office. Counsel will be provided with a list of the jurors' names and numbers prior to the commencement of trial. When challenging a juror, counsel should refer to the juror by name and number.

The prospective jurors will be seated in numerical order in accordance with the diagram attached hereto as Exhibit A.

The Court will conduct a preliminary voir dire examination tailored to the issues in the case being tried. Prior to trial, Counsel are to submit questions they would like the Court to include in its voir dire examination. Copies of such questions should be served on opposing counsel.

Counsel may supplement the Court's examination, but they may not repeat in the same or in some other form any question already put to the panel by the Court. Counsel shall, at the final pretrial conference, submit in writing general areas of questions they would like to ask during voir dire.

Counsel must address their questions to the whole panel in general and may not question an individual juror unless it develops from a question put to the whole panel that the answer of a specific juror justifies further inquiry.

Counsel will not be permitted to question jurors individually regarding background information. This information is contained in juror questionnaire forms which are on file in the Clerk's Office. Counsel should examine these questionnaires prior to the commencement of trial. Counsel may inquire regarding any omission in a jurors answer to the juror questionnaire or, after obtaining the Court's permission, regarding any inquiry justifiably elicited by information contained in the juror questionnaire.

### **Challenges**

The entire panel shall be challenged for cause, jurors seated in the jury box and those seated in the rear of the Courtroom. Any jurors seated in the jury box who have been excused for cause will be replaced by the next available juror from the rear of the courtroom.

### **Peremptory Challenges**

Each party will be entitled to three peremptory challenges. 28 U.S.C. 1870.

The parties will exercise their peremptory challenges alternately with the plaintiff exercising the first challenge. If either party "passes", that challenge will be counted as used.

Peremptory challenges will be directed only to the prospective jurors seated in the jury box. When a juror is excused, he or she will be replaced by the next available juror from the rear of the courtroom.

**Sanctions**

The parties and counsel shall comply fully and literally with this pre-trial order. The Court will consider the imposition of appropriate sanctions in the event of non-compliance, including monetary sanctions, the dismissal of claims or defenses, or the exclusion of evidence. Fed. R. Civ. P. 16(f).

**Other Matters**

The Court will consider adopting any other pre-trial and trial management procedures upon which the parties agree. Fed. R. Civ. P. 16(c).

This order supersedes all previous orders in this case to the extent previous orders are inconsistent with this order.

The parties shall address questions about this order to the Court's Law Clerk, Natalie McLaughlin, at 614-719-3263, by way of a telephone conference with counsel for all parties participating, or with fewer than all counsel participating with express permission of non-participating counsel.

**IT IS SO ORDERED.**

                                                   s/Algneon L. Marbley
                                          **ALGENON L. MARBLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**DATED: September 10, 2009**